**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

LEONARD KRAMLICH　　　　　　　　　　　　:
1101 Ritter Road　　　　　　　　　　　　　　:
Reading, PA 19606　　　　　　　　　　　　　: Civil Action No.: _____
　　　　　　　　　　　　　　　　　　　　　:
individually and on behalf of all others　　　:
similarly situated,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　: Jury Trial Demanded
CHARLES R. BLOSENSKI DISPOSAL　　　　:
COMPANY, LLC　　　　　　　　　　　　　:
265 Lippitt Road　　　　　　　　　　　　　:
Honey Brook, PA 19344　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　:
---------------------------------------------------------------

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Leonard Kramlich ("Plaintiff"), individually and on behalf of all other similarly situated employees of Charles R. Blosenski Disposal Company, LLC ("Defendant"), by and through his undersigned counsel, brings this Collective and Class Action Complaint ("Complaint") against Defendant and alleges, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, as follows:

**NATURE OF THE ACTION**

1.　　　Plaintiff brings this Complaint on behalf of himself and others similarly situated contending that Defendant has improperly failed to pay overtime compensation to its Drivers pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2.     Plaintiff is a former employee of Defendant where he worked as a Driver. During the course of his employment, Plaintiff was not properly compensated for his work and/or was not paid overtime compensation as required by the FLSA/PMWA.

3.     As a result of Defendant's improper and willful misclassification and failure to pay its Drivers in accordance with the requirements of the FLSA/PMWA, Plaintiff and others similarly situated have suffered damages.

4.     Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable an ancillary relief, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims.

7.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

8.     "Class Plaintiffs" are the individuals named above and those who file "opt-in" consent forms with the Court.

9.     Plaintiff Leonard Kramlich is a citizen of Pennsylvania and the United States with a current address of 1101 Ritter Road, Reading, Pennsylvania 19606.

10.     Upon information and belief, Defendant Charles R. Blosenski Disposal Company, LLC is a domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with place of business located at 265 Lippitt Road, Honey Brook, Pennsylvania 19344.

11.     Defendant is a "private employer" and covered by the FLSA, PMWA, and ADA.

12.     Plaintiff is a previous employee who was employed by Defendant during all relevant times hereto and as such, is an employee entitled to the protections of the FLSA and the PMWA.

13.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

15.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Driver or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

16.     Upon information and belief, Plaintiff estimates that there are approximately twenty (20) or more other individuals who either were or are working for Defendant as a Driver and were unlawfully denied overtime compensation for hours worked in excess of forty (40) in a

workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

17.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly not paid an overtime premium for hours worked in excess of forty (40) in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Class Plaintiffs an overtime premium for all hours worked over 40 hours in a workweek, have affected Plaintiff and Class Plaintiffs in the same fashion.

18.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the last three (3) years in the position of Driver or in positions with similar job duties who were denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

20.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

21.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

C.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

D.     Whether Defendant failed to pay Plaintiff and the Class wages and overtime compensation in the period when said wages became due and owing in violation of the FLSA.

22.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Driver who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the FLSA has affected Plaintiff and the Class in the exact same way.

23.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

24.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

25.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation when it became due and owing in violation of the FLSA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

26.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

27.     Paragraphs 1 through 26 are hereby incorporated by reference as though fully set forth at length herein.

28.     In or around September 2017, Defendant hired Plaintiff as a Driver.

29.     When Plaintiff first began his employment with Defendant in 2017, he, along with Class Plaintiffs, were paid on an hourly basis and paid straight time for all hours worked in excess of forty (40) in a workweek.

30.     At the outset of his employment, Plaintiff would work approximately fifty-two (52) to fifty-five (55) hours per week.

31.     By way of example, during the work week of October 6, 2017 through October 12, 2017, Plaintiff worked approximately fifty three and one half hours, but did not receive any overtime compensation for the hours he worked above forty (40) as required by the FLSA/PMWA.

32.     Upon information and belief, Class Plaintiffs routinely worked in excess of forty (40) hours per week for at least the last three (3) years.

33.     Despite working in excess of forty (40) hours per week, Plaintiff and Class Plaintiffs were not paid overtime compensation at a rate of 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

34.     In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record and report all the hours worked by Plaintiff and Class Plaintiffs.

7

35.     Upon information and belief, for at least the last three (3) years, Defendant classified Plaintiff and Class Plaintiffs as "non-exempt" from the minimum wage and overtime compensation requirements of the FLSA/PMWA.

36.     Despite classification, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for the hours worked over 40 in a work week.

37.     Plaintiff and Class Plaintiffs were non-exempt from the overtime provisions of the FLSA/PMWA for at least the last three (3) years, in that, during that time period, Plaintiff and Class Plaintiffs were paid at an hourly rate and paid straight time for all hours worked in excess of forty (40) in a workweek, as opposed to a salary basis. For this reason (and others), Plaintiff and class Plaintiffs did not qualify for the exemptions for executive, administrative, and/or learned professional employees under the FLSA/PMWA.

38.     Plaintiff and Class Plaintiffs were and are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and are therefore entitled to overtime compensation for the hours they worked over forty (40) in a workweek.

39.     Further, Plaintiff and Class Plaintiffs were not exempt under the Motor Carrier exemption since they picked up and dropped off non-hazardous trash solely in Pennsylvania.

40.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

41.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to economic damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME COMPENSATION

42.     Paragraphs 1 through 41 are hereby incorporated by reference as though the same were fully set forth at length herein.

43.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

44.     Moreover, Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

45.     According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty hours in a workweek.

46.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

47.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

48.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to U.S.C. 216(b), as well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Chef and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff and Class Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Class Plaintiffs may be

entitled.

## COUNT II

### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### FAILURE TO PAY OVERTIME COMPENSATION

49.     Paragraphs 1 through 48 are hereby incorporated by reference as though the same

were fully set forth at length herein.

50.     The Pennsylvania Minimum Wage Act provides that employers must pay certain

"minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

51.     The Pennsylvania Minimum Wage Act further provides that "employees shall be

paid overtime not less than one and one half times the employee's regular rate" for hours worked

in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

52.     By its actions alleged above, Defendant has violated the provisions of the

Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

53.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been

deprived of overtime compensation in amounts to be determined at trial, and are entitled to

recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the

Pennsylvania Minimum Wage Act of 1968.

**WHEREFORE,** Plaintiff prays for the following relief:

A.      An Order certifying this case as a class action and designating Plaintiff as the

representative of the Class and his counsel as class counsel;

B.      An award to Plaintiff and the Class for the amount of unpaid overtime

compensation to which they are entitled, including interest thereon, and penalties subject to

proof;

C.      An award to Plaintiff and the Class of reasonable attorneys' fees and costs

pursuant to the PMWA; and

D.      An award to Plaintiff and the Class for any other damages available to them under

applicable Pennsylvania law, and all such other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   _____
Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: 3/4/19

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation