# Exhibit A

## SETTLEMENT AGREEMENT AND SPECIFIC RELEASE

This SETTLEMENT AGREEMENT AND SPECIFIC RELEASE (hereinafter, the "Agreement") is made and entered into by and between Leonard Kramlich, 1101 Ritter Road, Reading, PA 19606 (hereinafter "Employee") and Charles R. Blosenski Disposal Company, LLC (hereinafter "Employer"), located at 265 Lippitt Road, Honey Brook, PA 19344. Herein, the Employee and the Employer shall be collectively referred to as the "Parties".

### RECITALS

WHEREAS, Employee was employed by the Employer;

WHEREAS, Employee instituted an action in the United States District Court for the Eastern District of Pennsylvania captioned: *Kramlich v. Charles R. Blosenski Disposal Employer, LLC* (5:19-CV-00906-JFL) (hereinafter, the "Action"), alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA");

WHEREAS, Employer denies all of the allegations asserted in the Action and further denies any and all liability to Employee;

### AGREEMENT

NOW THEREFORE, in consideration of the mutual promises contained herein, intending to be legally bound, the Parties agree as follows:

### RECITALS INCORPORATED BY REFERENCE

1. The foregoing Recitals are incorporated herein by reference as if set forth in full.

### EMPLOYER PROVIDED BENEFITS

2. Employer will provide the following benefit, which Employee agrees he is not otherwise entitled to, in the form of payment of the gross amount of $4,845.00 (the "Settlement Payment"), which is to be paid within thirty (30) days after Employer's receipt of a fully executed

original of the Agreement, a completed IRS W-9 form from the law firm of Murphy Law Group LLC, and a completed IRS Form W-9 from Leonard Kramlich. The Settlement Payment shall be comprised of the following amounts:

    a.    Payment of the amount of $3,045.00, for attorney's fees and costs, without deductions or withholdings, made payable by check to Murphy Law Group, LLC and delivered to the offices of his counsel, Murphy Law Group, LLC, 1628 John F. Kennedy Blvd., Suite 2000, Philadelphia, PA 19103. Employer will issue an IRS Form 1099 for this payment.

    b.    Payment in the amount of $900.00, for liquidated damages, without deductions or withholdings, made payable by check to Leonard Kramlich, and delivered to the offices of his counsel, Murphy Law Group, LLC, 1628 John F. Kennedy Blvd., Suite 2000, Philadelphia, PA 19103. Employer will issue an IRS Form 1099 for this payment.

    c.    Payment in the amount of $900.00, for lost wages, less required deductions for taxes, and required withholdings, made payable by check to Leonard Kramlich, and delivered to the offices of his counsel, Murphy Law Group, LLC, 1628 John F. Kennedy Blvd., Suite 2000, Philadelphia, PA 19103.

3.    Employer agrees that in response to a request for an employment reference about Employee from a third party properly directed to the Employer's Human Resources Department, the Employer shall only provide Employee's dates of employment, rate of pay (to the extent permitted by applicable law), and positions held.

## NON-DISPARAGEMENT

4.  Employee agrees not to take any action, or make any statement, written or oral, that disparages the Employer, the Employer's business, management, personnel, or operations. Further, Employee agrees not to take any action that is intended to damage the business or reputation of the Employer. This provision shall in no way be interpreted to prohibit Employee from disclosing the terms of this settlement, who his counsel was, or any other information found on the public docket in this Action.

## REEMPLOYMENT

5.  Employee understands, acknowledges, and agrees that the Employer has no obligation whatsoever to reinstate, recall, reemploy, or rehire Employee to any position with the Employer's company and that Employee agrees not to seek reinstatement, recall, re-employment, or rehire with the Employer.

## NO ADMISSION OF LIABILITY

6.  Employee acknowledges that Employer does not admit, and specifically denies, any violation of any law or any liability to Employee. This Agreement does not constitute or imply an admission of liability by the Employer.

## SPECIFIC RELEASE OF CLAIMS

7.  In consideration of the Settlement Payment and the Employer's obligations contained herein, Employee, on behalf of himself, his heirs, executors, administrators, successors and assigns, agrees that he shall irrevocably and unconditionally release, acquit, and forever discharge the Employer and its successors, assigns, insurers, subsidiaries, affiliates, directors, officers, representatives, shareholders, members, agents, attorneys, and employees from any and all claims that were alleged in the Action, including the Fair Labor Standards Act, the Pennsylvania

Minimum Wage Act, the Wage Payment Collection Law, and all claims for attorneys' fees, litigation expenses, and costs.

## BREACH OF SETTLEMENT AGREEMENT AND SPECIFIC RELEASE

8. Employee understands and agrees that the covenants and restrictions contained in this Agreement, in view of the nature of the business in which the Employer is engaged, are reasonable and necessary to protect the Employer's legitimate interests; that any violation thereof will result in irreparable injury to the Employer within a short period of time; that the remedies at law for any violation thereof will not be adequate; and, therefore, that in the event of any violation of this Agreement by Employee, the Employer shall be entitled to preliminary, temporary and permanent injunctive relief against such violation. Such injunctive relief shall be in addition to, and in no way in limitation of, any and all other relief which the Employer may have in law or in equity for the enforcement of this Agreement. In the event of Employee's breach, the Employer shall be entitled to set aside and rescind any relief it has agreed to provide Employee and shall be entitled to the return of all monies or benefits tendered to, or on behalf of Employee, together with reasonable attorneys' fees and such other relief, including injunctive relief, as the Court deems just, and the matters between Employee and the Employer shall otherwise remain closed.

## GOVERNING LAW

9. The construction, interpretation, and performance of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

## ENTIRE AGREEMENT

10. This Agreement contains the entire agreement between the Employer and Employee and fully supersedes any and all prior agreements or understandings pertaining to the

subject matter thereof. Any modification of this Agreement must be made in writing and signed by all Parties.

## KNOWING AND VOLUNTARY AGREEMENT

11.     The Parties have carefully read this Agreement and have executed it voluntarily and with full knowledge and understanding of its significance, meaning, and binding effect. The Parties are competent to understand the content and effect of this Agreement, and the decision to enter into this Agreement has not been influenced in any way by fraud, duress, coercion, mistake, or misleading information.

## SERVERABILITY

12.     If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, the remaining provisions shall not be affected thereby and shall remain in full force and effect.

IN WITNESS THEREOF, and with the intention of being legally bound, the Parties have executed this Agreement on the dates noted below:


Date:_____                                  _____
                                                    Leonard Kramlich


Date: <u>July 2, 2019</u>                           <u>/s/ Patrick J. Gallo, Jr.</u>
                                                    Charles R. Blosenski Disposal Company, LLC
                                                    By: Patrick J. Gallo, Jr., Esquire
                                                        Attorney for Charles R. Blosenski Disposal
                                                        Company, LLC

3258980v1
500325.65552