UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD KRAMLICH, individually and on behalf of those similarly situated, | : : : |
| Plaintiff, | : |
| v. | :  No. 5:19-cv-0906 |
| CHARLES R. BLOSENSKI DISPOSAL COMPANY, LLC, | : : : : |
| Defendant. | : |

# O R D E R

**AND NOW**, this 3rd day of December, 2019, in this action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), upon consideration of (1) the parties' Joint Motion for Approval of the Settlement Agreement, *see* ECF Nos. 9 & 9-1, and (2) the proposed Settlement Agreement and Release, *see* ECF No. 9-3, the Court finds that the Settlement Agreement, including the attorneys' fees and costs to be paid thereunder, constitutes (i) a fair and reasonable resolution (ii) of a bona fide dispute under the FLSA that (iii) does not frustrate implementation of the FLSA in the workplace.[1]  Accordingly, **IT IS ORDERED** as follows:

---

[1] Although the Third Circuit has not definitively addressed the issue, "numerous courts have held that approval from the Department of Labor or a federal court is required for the release of FLSA claims." *Chaidez v. Hemphill*, No. CV 18-1837, 2019 WL 6050714, at *9 (E.D. Pa. Nov. 15, 2019).  District courts in the Third Circuit reviewing FLSA settlement agreements have referred to the factors set forth in *Lynn's Food Stores Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).  Under these factors, a court may approve a settlement agreement when it finds the agreement resolves a "bona fide dispute," and where the resolution of the dispute is fair and reasonable—*i.e.*, when it "is fair and reasonable to the plaintiff-employee" and does not "impermissibly frustrate[ ] the implementation of the FLSA in the workplace." *In re Chickie's & Pete's Wage & Hour Litig.*, No. CIV.A. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014) (citing *Lynn's Food Stores Inc.*, 679 F.2d at 1354 and quoting *Dino v. Pennsylvania,* No. 08-1493, 2013 WL 4041681, at *3 (M.D. Pa. Aug. 8, 2013)).  For the reasons set forth in the

1. The Joint Motion for Approval of the Settlement Agreement, *see* ECF No. 9-1, is **GRANTED** and the Settlement Agreement is **APPROVED.**

2. This action is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

parties' memorandum of law in support of their motion, *see* ECF No. 9-1, the Court finds the relatively straight-forward Settlement Agreement satisfies these factors.